IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                No. CR 09-00863 MCA

SHARON HOPKINS,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING MOTION TO DISMISS INDICTMENT

THIS MATTER is before the Court on the *pro se* Motion to Dismiss Indictment Pursuant to Luis v. United States Under Federal Criminal Rule 12 filed by Defendant, Sharon Hopkins, on September 12, 2016 ("Motion to Dismiss Indictment"). (Doc. 354). The Court characterizes Hopkins' Motion as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 and dismisses the Motion as time-barred by the one-year statute of limitations.

### Procedural Background

On April 9, 2009, Defendant Sharon Hopkins was charged with multiple counts of conspiracy to defraud the government and tax evasion. (Doc. 1). She was convicted on eight counts by a jury on September 29, 2010 and the Court sentenced her to 97 months of imprisonment. (Doc. 272, 307). Hopkins appealed her conviction and sentence to the United States Court of Appeals for the Tenth Circuit on June 8, 2011. (Doc. 311). The Tenth Circuit affirmed the conviction and sentence and issued its Mandate on February 27, 2013. (Doc. 352).

Hopkins filed her Motion to Dismiss Indictment on September 12, 2016. (Doc. 354). In her Motion to Dismiss Indictment, Hopkins argues that, at trial, her Sixth Amendment constitutional right to counsel was violated by the freezing of untainted assets. Hopkins claims

1

to be proceeding under Fed. R. Crim. P. 12 and relies on the United States Supreme Court's decision in *Luis v. United States*, ___U.S. ___, 136 S.Ct. 1083 (2016). (Doc. 354). Hopkins asks the Court for "an ORDER reversing the judgment and to dismiss the indictment." (Doc. 354 at 18).

The United States of America responded to Hopkins' Motion to Dismiss Indictment on September 23, 2016. (Doc. 356). In its Response, the United States contended that Hopkins could not properly proceed under Fed. R. Crim. P. 12 and that her Motion should be construed as a § 2255 motion to vacate, set aside, or correct her sentence. (Doc. 356). The United States also raised the defense that, construed as a § 2255 motion, Hopkins' Motion to Dismiss Indictment was untimely under the one-year statute of limitations in 28 U.S.C. § 2255(f). (Doc. 356).

Hopkins replied to the United States' Response on October 13, 2016. (Doc. 359). In her Reply, Hopkins again argued that the Supreme Court's decision in *Luis* authorizes her to proceed under Rule 12. Hopkins did not dispute that, if characterized as a § 2255 motion, her claim would be time-barred but, instead, vehemently argued that the Motion to Dismiss Indictment should not be characterized as a § 2255 motion. (Doc. 359).

On September 28, 2016, the Court entered an Amended Order advising Hopkins that the Court intended to recharacterize Defendant Hopkins's Motion to Dismiss Indictment as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 358). Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

2

*Id.* at 383. Consistent with *Castro,* the Court afforded Hopkins an opportunity to withdraw the motion or to amend it to add additional claims she may have. (Doc. 358). *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Hopkins declined to withdraw or amend her Motion to Dismiss Indictment and, instead, filed an Objection to the Court's September 28, 2016 Amended Order. (Doc. 364). Hopkins appealed the Court's *Castro* Order to the Tenth Circuit Court of Appeals. (Doc. 360). The Tenth Circuit dismissed her appeal as improperly taken from an interlocutory order. (Doc. 365, 366).

## The Court Characterizes Hopkins' Motion to Dismiss Indictment As a § 2255 Motion to Vacate, Set Aside, or Correct Sentence

Defendant Hopkins' Motion to Dismiss Indictment is brought under Fed. R. Crim. P. 12 and asks to have the Judgment on her conviction and sentence set aside. (Doc. 354 at 18). However, Defendant may not file a Rule 12 motion after her conviction and sentencing. *See* Fed. R. Crim. P. 12(b) and (c). Defendant may only challenge her conviction and sentence by a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255").

Hopkins clearly seeks to have her conviction and sentence set aside and the charges against her dismissed. She may seek her requested relief only through a § 2255 motion. Because this proceeding would constitute Hopkins' first § 2255 motion, consistent with *Castro v. United States,* she was given the opportunity to either withdraw her filing or amend it to assert all available grounds for § 2255 relief. (Doc. 358). She neither withdrew nor amended her Motion to Dismiss Indictment but, instead, objected to the Court's characterization of her filing as a §

3

2255 motion. (Doc. 364). The Court overrules her objection and characterizes her Motion to Dismiss Indictment as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## Hopkins § 2255 Motion is Time-Barred

Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Hopkins' Judgment of conviction became final no later than May 27, 2013, ninety days after the issuance of the Court of Appeals' Mandate on direct appeal. *Clay v. United States*, 537 U.S. 522, 524 (2003). Her Motion to Dismiss Indictment was filed more than three years after finality of the Judgment. Absent a later accrual date, Hopkins' Motion to Dismiss Indictment is untimely under the provisions of 28 U.S.C. § 2255(f)(1). *See* 28 U.S.C. § 2255(f)(2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000).

Hopkins' Motion to Dismiss Indictment does not present any argument that there was an impediment to filing a § 2255 motion created by governmental action, nor does Hopkins rely on newly discovered facts supporting the claim. Therefore, §§ 2255(f)(2) and (4) do not afford

Hopkins a later accrual date for the limitation period. *Marsh v. Soares,* 223 F.3d at 1220-21. The only argument available to Hopkins for a later accrual date arises out of her reliance on the Supreme Court's 2016 decision in *Luis v. United State* as a newly recognized right under 28 U.S.C. § 2255(f)(3). However, the Supreme Court did not expressly make *Luis* retroactively applicable on collateral review. Nor has the Court found any lower court opinion holding that *Luis* applies retroactively on collateral review. *See Clark v. Harmon*, No. 3:17-CV-670-B, 2017 WL 2493271, at *2 (N.D. Tex. May 10, 2017); *Valencia-Trujillo v. United States*, No. 8:02-CR-329-T-17EAJ, 2017 WL 3336491, at *8 (M.D. Fla. Aug. 4, 2017) (unpublished); *Clark v. Harmon,* No. 3:17-CV-670-B, 2017 WL 2493271, at *2 (N.D. Tex. May 10, 2017) (unpublished); *Noel v. United States*, No. 1:09-CR-57-RLV-1, 2017 WL 548985, at *3 (W.D.N.C. Feb. 8, 2017) (unpublished), *appeal dismissed*, 692 Fed.Appx. 128, 2017 WL 2712877 (4th Cir. June 23, 2017) (per curiam) (unpublished); *Farkas v. Andrews*, No. 5:17-HC-2070-D, 2017 WL 4518684, at *3 (E.D.N.C. Oct. 10, 2017) (unpublished).

*Luis* does not afford Hopkins a later accrual date for the statute of limitations under § 2255(f)(3). The one-year statute of limitations began to run in 2013 and her Motion to Dismiss Indictment, filed more than three years later, is time-barred under 28 U.S.C. § 2255(f)(1). The Court will dismiss the Motion to Dismiss Indictment as untimely under 28 U.S.C. § 2255(f). Because the question of retroactive applicability of *Luis* has not been addressed in a precedential opinion in this Circuit, the Court will also grant Hopkins a Certificate of Appealability under Rule 11(a) of the Rules Governing Section 2255 Cases.

**IT IS ORDERED:**

(1) the Motion to Dismiss Indictment Pursuant to Luis v. United States Under Federal Criminal Rule 12 filed by Defendant, Sharon Hopkins, on September 12, 2016 (Doc. 354) is

5

characterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255;

(2) the Motion to Dismiss Indictment Pursuant to Luis v. United States Under Federal Criminal Rule 12 filed by Defendant, Sharon Hopkins, on September 12, 2016 (Doc. 354) is **DISMISSED** as barred by the one-year statute of limitations in 28 U.S.C. § 2255(f); and

(3) a **CERTIFICATE OF APPEALABILITY** is **GRANTED** under Rule 11(a) of the Rules Governing Section 2255 Cases.

_____
UNITED STATES DISTRICT JUDGE